# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KEITH BOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1392 TIA |
| | ) | |
| JAY CASSADY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff=s request to proceed without payment of the filing fee, along with plaintiff=s complaint and a multitude of other papers filed by plaintiff and attached to his complaint. After fully reviewing plaintiff=s filings, the Court makes the following findings.

## Procedural History

Plaintiff, an inmate at Jefferson City Correctional Center ("JCCC"), filed the instant action pursuant to 42 U.S.C. ' 1983 alleging violations of his civil rights. Plaintiff has filed a two-page, handwritten motion seeking leave to proceed in forma pauperis, presumably brought pursuant to 28 U.S.C. § 1915. This document is difficult to read, as it is handwritten and has claims that run up the sides of the paper, as well as from top to bottom.

In the Prison Litigation Reform Act of 1996, Congress enacted what is commonly described as the Athree strikes@ provision of 28 U.S.C. ' 1915(g). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

If a prisoner is ineligible to proceed under ' 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal. *Ashley v. E. Dilworth, COB1,* 147 F.3d 715, 716B17 (8th Cir.1998).

Plaintiff has filed at least three previous cases that were dismissed as frivolous, malicious or for failure to state a claim.[1] Accordingly, plaintiff has Athree strikes,@ and he cannot proceed in a ' 1983 action unless he pays the full filing fee or shows that <u>at the time of filing his complaint</u>, he was being subjected to Aimminent danger.@ 28 U.S.C. ' 1915(g). Plaintiff has not shown that he was subjected to imminent danger at the time of the filing of his complaint. As such, the Court cannot grant his motion to proceed in forma pauperis at this time.

In the body of his complaint [Doc. #1], plaintiff alleges in a wholly conclusory manner that he has been under Aimminent danger@ at some point in time during his incarceration at JCCC. He claims that he has been forced into a "Jesus Sexual Healing Program" that is hidden from the public at JCCC. He states that as part of the program he has been – at some point - subjected to "electrical volts" in his penis and through the bottom of his feet and "possible poison by defendants." Plaintiff fails to allege when these acts occurred or if they are still occurring on a daily basis.

Plaintiff is no stranger to this Court. Rather, plaintiff has been a frequent filer before this Court, having filed roughly nineteen (19) cases within our Court within the past approximately fifteen (15) years. The Court takes judicial notice of the fact that in many of the cases filed by plaintiff before this Court, plaintiff has become known as somewhat of a Alitigious@ filer. He

---

[1]*See Box v. Bollinger*, Case No. 1:02CV105 FRB (E.D. Mo.); *Box v. Scott County Jail,* Case No. 1:96CV69 LMB (E.D. Mo); *Box v. Mississippi County Jail*, Case No. 1:96CV22 LMB (E.D. Mo.).

often seeks to Abombard@ the Court with frivolous motions and notices. Many times, plaintiff must be reminded of the need to follow the Federal Rules of Civil Procedure and this Court=s Local Rules when bringing matters before the Court. After having litigated so many matters before this Court, he should not have to be reminded of this Court=s Rules and Regulations so often. With this Memorandum and Order, plaintiff is being put on notice that this Court will not be as tolerant with plaintiff=s Alitigious@ filings of Anotices@ and frivolous Amotions.@ If plaintiff has been reminded of the Federal Rules in a prior case before this Court or in a prior Memorandum and Order, he will be expected to adhere to those Rules throughout this litigation.

**The Complaint**

Plaintiff's complaint is handwritten and totals forty-seven (47) pages in length. Plaintiff has named thirty-four (34) defendants in this action, including several different Wardens and correctional employees within the Missouri Department of Corrections, as well as five federal judges from this Court, a federal judge from the Western District of Missouri, the former Clerk of Court from the Eastern District of Missouri and the Clerk of the Eighth Circuit Court of Appeals.

Although three of the pages of his complaint appear to come from a prior action in this Court, and are on a "court-form," the rest of the pages of the complaint are written on unlined paper in cramped handwriting which slants up and down the page, as well as on both sides and through the top and bottom margins. Thus, the way the complaint is written makes plaintiff's allegations very difficult for the Court to review.

Although difficult to discern, it appears that plaintiff's allegations include assertions about events that have occurred during his incarceration in JCCC in Jefferson City (located within the venue of the Federal District Court of the Western District of Missouri), as well as events that

occurred at Potosi Correctional Center ("PCC"), South Central Correctional Center ("SCCC") and Southeast Correctional Center ("SECC").

In short, plaintiff complains about being subjected to a mental health evaluation program at JCCC, allegedly being deprived of medical care at JCCC, and being purportedly subjected to excessive force and deprived of medical care at PCC, SECC and SCCC. Plaintiff also complains that he has been denied access to the courts at different points of his incarceration.

The complaint is not simple, concise, or direct, nor does it contain a short and plain statement of plaintiff=s claims for relief. Claims founded on separate transactions and occurrences are not stated in separate counts. And plaintiff has attempted to join several defendants who are unconnected by any question of law or fact in the complaint. As plaintiff is aware from his other cases in this Court, such pleading practices are not allowed.

## Discussion

As briefly noted above, plaintiff=s pleadings in this case are defective for several reasons. First and foremost, his complaint is defective because it has not been wholly drafted on a Court-provided form, *see* Local Rule 2.06(A). Rather, it contains so many handwritten addendums to the court-form that it cannot be said that the form was even used by plaintiff in this instance. His handwriting is cramped and difficult to read, and it rambles up and down the sides of each page.

Second, the complaint fails to meet the requirements of Federal Rules of Civil Procedures 8, 10 and 20. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain (1) "a short and plain statement of the grounds for the court=s jurisdiction," (2) Aa short and plain statement of the claim showing that the pleader is entitled to relief,@ and (3) Aa demand for the

4

relief sought.@ Rule 10(b) directs parties to separate their claims within their pleadings and provides that the contents of which shall be Alimited as far as practicable to a single set of circumstances.@ Rule 10(b) further requires that where Adoing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . .@ *Id.* Under Rule 20(a)(2), a plaintiff may join several persons as defendants in a single complaint if A(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or <u>arising out of the same transaction, occurrence, or series of transactions or occurrences</u>; and (B) any question of law or fact common to all defendants will arise in the action.@ Fed. R. Civ. P. 20(a)(2) (emphasis added). If plaintiff wishes to bring several unrelated claims against unrelated defendants, he must do so in separate complaints, filed in separate actions. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, plaintiff will not be able to bring claims relating to JCCC, PCC, SECC and SCCC in this action. Instead, he will have to file separate actions relating to events that occurred at each institution.

To summarize, the complaint is not simple, concise, or direct, nor does it contain a short and plain statement of plaintiff=s claims for relief. Claims founded on separate transactions and occurrences are not stated in separate counts. And plaintiff has attempted to join several defendants who are unconnected by any question of law or fact in the complaint. Moreover, as noted previously, plaintiff is subject to the Athree strikes@ provision of ' 1915, and the Court is not convinced that plaintiff was suffering Aimminent danger@ <u>at the time of the filing of the complaint</u>.

Because plaintiff is proceeding pro se, the Court will allow him time to file an amended complaint that complies with the Federal Rules of Civil Procedure. Plaintiff must also file an addendum to his motion to proceed in forma pauperis, on the Court's form, along with a statement

5

relating to the alleged imminent danger he was purportedly facing at the time of the filing of the complaint, or he may simply pay the required filing fee. Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and claims that are not realleged are deemed abandoned. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff shall have thirty (30) days from the date of this Order to comply with these requirements. If plaintiff fails to file an amended complaint, as well as a motion to proceed in forma pauperis, along with a statement on imminent danger, within thirty (30) days of the date of this Order, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to plaintiff a copy of the Court=s form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court=s form Motion to Proceed in Forma Pauperis- Prisoner Cases.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in compliance with this Court=s Memorandum and Order within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis, along with a statement regarding his claims of imminent danger, within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Memorandum and Order, the Court will dismiss this action without prejudice.

Dated this  21st day of August, 2014

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Terry I. Adelman
　　　　　　　　　　　　　　　　　　　　　　　　TERRY I. ADELMAN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE