UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEITH BOX, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1392 TIA |
| | ) | |
| JAY CASSADY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff's amended complaint [Doc. #6], his motion for leave to proceed in forma pauperis [Doc. #7], as well as a multitude of other filings by plaintiff.[1] After fully reviewing plaintiff's filings, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss this action, without prejudice. *See* 28 U.S.C. § 1915(g).

## Background

Plaintiff, an inmate at Jefferson City Correctional Center ("JCCC"), filed the instant action pursuant to 42 U.S.C. ' 1983 alleging violations of his civil rights. Plaintiff filed a motion for leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

In the Prison Litigation Reform Act of 1996, Congress enacted what is commonly described as the Athree strikes@ provision of 28 U.S.C. ' 1915(g). It provides:

---

[1] On October 2nd, 9th and 15th, "supplements" were filed to plaintiff's amended complaint. [Doc. #10, #11 and #12] However, on October 24th and 29th, as well as on November 5, 2014, plaintiff sought to have these supplements removed from the record, asserting that the documents were "illegally" filed by other JCCC inmates.

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

If a prisoner is ineligible to proceed under ' 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal. *Ashley v. E. Dilworth, COB1,* 147 F.3d 715, 716B17 (8th Cir.1998).

Plaintiff has filed at least three previous cases that were dismissed as frivolous, malicious or for failure to state a claim.² Accordingly, plaintiff has Athree strikes,@ and he cannot proceed in a ' 1983 action unless he pays the full filing fee or shows that <u>at the time of filing his complaint</u>, he was being subjected to Aimminent danger.@ 28 U.S.C. ' 1915(g). As set forth below, plaintiff has not shown that he was subjected to imminent danger at the time of the filing of his complaint. As such, the Court cannot grant his motion to proceed in forma pauperis at this time. Thus, his complaint is subject to dismissal.

## Discussion

In the body of his amended complaint [Doc. #6], plaintiff alleges in a wholly conclusory manner that he has been under Aimminent danger@ at some point in time during his incarceration in the past several years.³

---

²*See Box v. Bollinger*, Case No. 1:02CV105 FRB (E.D. Mo.); *Box v. Scott County Jail,* Case No. 1:96CV69 LMB (E.D. Mo); *Box v. Mississippi County Jail*, Case No. 1:96CV22 LMB (E.D. Mo.).

³Although difficult to discern, it appears that plaintiff's allegations include assertions about events that have occurred during his incarceration in JCCC in Jefferson City (located within the venue of the Federal District Court of the Western District of Missouri), as well as events that occurred at Potosi Correctional Center ("PCC"), South Central Correctional Center ("SCCC") and Southeast Correctional Center ("SECC").

He claims that in December of 2013 he was transferred from Potosi Correctional Center to JCCC and forced into a "Jesus Sexual Healing Program" that is hidden from the public at JCCC. He states that as part of the program he was – at some point - subjected to "electrical volts" and "possible poison by defendants." Plaintiff fails to allege when these acts occurred or if they are still occurring on a daily basis.

Because plaintiff's complaint does not show that at the time of the filing of the amended complaint that he was suffering from imminent danger, his motion to proceed in forma pauperis will be denied and his case will be dismissed pursuant to 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to withdraw the supplemental complaints filed in this action [Doc. #13, #14 and #16] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #7] is **DENIED** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of November, 2014

    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE